UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA BOND, | ) | CIVIL ACTION NO. 4:19-CV-1535 |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| MCKEAN COUNTY, | ) | |
|     Defendant | ) | |

## MEMORANDUM & ORDER

On September 5, 2019, Pamela Bond ("Plaintiff") initiated this action by lodging a Complaint in this Court. In her Complaint, Plaintiff alleges three "cases." The events underlying each "case" occurred in McKean County, located in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). The only Defendant named in this case is McKean County. Plaintiff's only apparent connection to the Middle District of Pennsylvania appears in the "background" section of her Complaint, where she reports that she was, at one time hired by the Lebanon School District and the Harrisburg/Hershey Area School District as a substitute teacher, was provided shelter at the Harrisburg YWCA and at a Bradford County shelter. However, none of Plaintiff's activities in the Middle District of Pennsylvania are related to the three "cases" asserted against McKean County.

Accordingly, it is ORDERED that this case be transferred to the United States District Court for the Western District of Pennsylvania.[1]

I. BACKGROUND & PROCEDURAL HISTORY

For some period before February 2016, Plaintiff worked as a substitute in the Lebanon School District. Plaintiff was on the district's "substitute teacher calling system." (Doc. 1, p. 2). In February 2016, Plaintiff was removed from that calling system. Plaintiff alleges that due to her removal from the calling system she was effectively fired and was without financial means. *Id.* Following the termination of her relationship with the Lebanon School District, Plaintiff was provided shelter at the Harrisburg YWCA. *Id.* Plaintiff then found employment with an agency that provided substitute teachers to the Harrisburg/Hershey area. *Id.* Her employment with that agency, however, was short lived. Plaintiff was taken off the roster after only two weeks because the agency believed Plaintiff lied about her bachelor's degree from Johns Hopkins. *Id.* Plaintiff maintains that she has a valid degree from Johns Hopkins. *Id.*

---

[1] An order transferring a case, under either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404 is not a dispositive final order. *See e.g. See Baily v. Kirsch*, No. 1:19-CV-1281, 2019 WL 3336966 at *1 (M.D. Pa. July 24, 2019); *McClaim v. Legget*, No. 1:13-CV-2057, 2013 WL 4591759 (M.D. Pa. Aug. 28, 2013) (noting that a Magistrate Judge has the authority to issue a transfer order under 28 U.S.C. § 1406(a)); *Franklin v. GMAC*, No. 13-0046, 2013 WL 140042 at *1 n. 1 (W.D. Pa. Jan 13, 2013) (noting that an order to transfer is not dispositive).

In April 2016, Plaintiff was hired by a school in Dubois, Pennsylvania, and completed the teaching year there. *Id.* Then, Plaintiff took a summer job as a "camp nurse," but was let go after a few days. *Id.* Once again, left without shelter, Plaintiff sought and received aid from a shelter in Bradford, Pennsylvania. *Id.* Plaintiff stayed at that shelter for approximately one month.

This "background," while informative, is not relevant to the actual claims alleged by Plaintiff in her Complaint.

Under the heading "Case I," Plaintiff alleges that she applied for public housing in McKean County, Pennsylvania in August of 2017. (Doc. 1, p. 3). Plaintiff's application was approved, and she leased an apartment. *Id.* At some point thereafter, the McKean County Housing Authority voided Plaintiff's lease and attempted to double her rent. *Id.* Plaintiff was eventually locked out of her apartment. As relief under "Case I," Plaintiff requests: "an actualization of her rental history so that she may expect a good reference for future rental situations and/or applying for an FHA loan. Motel bills resulting from the suddenness of the situations should be compensated for by the McKean Housing Authority." *Id.*

Under the heading "Case II," Plaintiff alleges that she was pulled over and ticketed for an expired inspection sticker. (Doc. 1, p. 4). The state court docket shows that Plaintiff was charged with operating a vehicle without a valid inspection on October 30, 2018, April 1, 2019, and April 17, 2019. *See*

*Commonwealth v. Bond*, No. MJ-48303-TR-0001214-2018 (Magis. Ct. McKean Cty.) (hereinafter "*Bond I*"); *Commonwealth v. Bond*, No. MJ-48304-TR-0000305-2019 (Magis Ct. McKean Cty.) (hereinafter "*Bond II*"); *Commonwealth v. Bond*, No. MJ-48304-TR-0000378-2019 (Magis. Ct. McKean Cty.) (hereinafter "*Bond III*"). Plaintiff pleaded guilty to the October 2018 charge. *Bond I*, MJ-48303-TR-0001214-2018. Plaintiff was found guilty of the April 1, 2019 charge. *Bond II*, MJ-48304-TR-0000305-2019. Plaintiff was found not guilty on the April 17, 2019 charge. *Bond III*, MJ-48304-TR-0000378-2019. She contends that in one or more of these instances, a vandal "scraped off and put an expired sticker on the car." (Doc. 1, p. 4). Plaintiff appears to make multiple alternative allegations as to the culprit and their motivation. She alleges that "[s]omeone does not want [her] to be able to travel to work and support herself," she also suggests that the arresting officer used to reside at her current address and "has some relationship to other neighborhood problems." *Id.*

Plaintiff also makes reference to a "large fine," and that a warrant was put out for her arrest. *Id.* In connection with this allegation she references "exhibit B." Although Plaintiff's exhibits are not labeled, she appears to be referring to a June 20, 2019 letter from the Pennsylvania Department of Transportation notifying her that her Driver's License had been suspended for three months as a result of a June 12, 2019 conviction on the charge of driving a vehicle with a suspended

registration in violation of 75 Pa. Stat. and Cons. Stat. Ann. § 1371. (Doc. 1-3, pp. 4-5). Plaintiff also attached the payment plan for the October 2018 charge showing that she was fined a total of $212.75 for that offense. (Doc. 1-3, p. 6).

As relief under "Case II" Plaintiff requests that her driving record "be cleared for wrongful acts, the fine should be dropped, and the Plaintiff's Drivers License should not be revoked in September which according to the Transportation Office hass [sic] already been scheduled." (Doc. 1, p. 5).

Under the heading "Case III," Plaintiff alleges that her home is being sold for back taxes, even though she has only lived there for two years. Plaintiff argues that the "late fees are huge." As relief Plaintiff requests that a public accounting of the bill in court is necessary. (Doc. 5, p. 8).

II. ANALYSIS

It is not clear from the face of Plaintiff's Complaint or her civil cover sheet what claims she is attempting to assert against McKean County.

Section 1391(b) of Title 28 of the United States Code provides, in relevant part that:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff names one Defendant—McKean County. McKean County is located in the Western District of Pennsylvania. Furthermore, the events underlying each "case" or claim alleged by Plaintiff occurred in McKean County. Therefore, it appears that venue is not proper in this Court and is proper in the Western District of Pennsylvania.[2]

The Court is permitted to raise the issue of an apparent lack of venue, *sua sponte*, provided that it gives Plaintiff notice of its concerns and an opportunity to be heard on the issue. *See Baily v. Kirsch*, No. 1:19-CV-1281, 2019 WL 3336966 at *1 (M.D. Pa. July 24, 2019) (citing *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Through

---

[2] Even if venue was somehow appropriate here, it is clear that the preferred venue for litigation of this particular case, which involves a Defendant and claims arising out of events that occurred in McKean County, would be the United States District Court for the Western District of Pennsylvania. In such instances, 28 U.S.C. § 1404(a) also expressly provides that, "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

the filing of this Memorandum, the Court is placing Plaintiff on notice that her Complaint does not allege facts that would give rise to venue in this Court.

Section 1406(a) of Title 28 of the United States Code provides, in relevant part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Put plainly, when it appears that a case was brought in the wrong venue, there are two potential remedies available: (1) the Court may dismiss the action for lack of venue; or (2) the Court may transfer the case to the district where it should have been brought.

In this case, since Plaintiff is a *pro se* litigant, the interest of justice compels me to transfer this case so as to adequately protect Plaintiff's rights. Transferring this case avoids any potential prejudice that might flow from the outright dismissal of Plaintiff's case. *See Baily,* 2019 WL 3336966 at *2 (citing *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965).

III. CONCLUSION

For the foregoing reasons it is hereby ORDERED that:

(1) This case be TRANSFERRED to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

(2) An appropriate Order shall issue.

Date: September 17, 2019

BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge